UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CLINE,<br><br>                          Plaintiff,<br><br>v.<br><br>DAN-BUNKERING (AMERICA), INC.,<br><br>                         Defendant. | Case No.: 3:24-cv-2081-JES-AHG<br><br>**ORDER REGARDING AMENDED COMPLAINT** |

On November 6, 2024, Plaintiff William Cline instituted this lawsuit against Defendant Dan-Bunkering (America), Inc., seeking a declaration from the Court regarding the enforceability of a non-compete clause in his employment agreement with Defendant. ECF No. 1. Currently pending before the Court are two motions: (1) Plaintiff's motion for a temporary restraining order ("TRO"); and (2) Defendant's motion to dismiss for lack of jurisdiction. ECF Nos. 3, 11. Before the Court ruled on either matter and before the briefing on the motion to dismiss was completed, on December 20, 2024, Plaintiff filed a first amended complaint ("FAC"). ECF No. 19.

The procedural posture now raises an issue regarding the effect of the amended complaint on these two pending motions. As to the motion to dismiss, the filing of an amended complaint generally moots a pending motion to dismiss unless the amended complaint is substantially identical to the original complaint. *Zimmerman v. PeaceHealth*,

701 F. Supp. 3d 1099, 1108 (W.D. Wash. 2023). If the new pleading contains some of the same defects raised in the original motion, a court has discretion to consider the motion as being addressed to the amended pleading rather than moot the motion. *Id.* As to the TRO motion, some district courts have found that an amended complaint moots a motion for preliminary injunction based on the same principle that an amended complaint supersedes the previous complaint. *See, e.g.*, *Garcia v. Mid-Atlantic Military Family Comm. LLC*, No. 2:20cv308, 2021 WL 1429474, at *3 (E.D. Va. Mar. 4, 2021) ("An amended complaint supersedes a prior complaint and renders it of no legal effect. . . . Plaintiff's Motion for Preliminary Injunction—which seek[s] relief based on Plaintiff's initial Complaint—[is] DISMISSED as moot."). However, similarly, courts do not necessarily moot motions seeking injunctions if the issues raised in the motion equally apply to the amended complaint. *See 16 Front St. LLC v. Mississippi Silicon, LLC*, No. 1:14-CV-00183-DMB, 2015 WL 4665223, at *5 n.8 (N.D. Miss. July 30, 2015) ("It is widely recognized that, in general, a party 'should not be required to file a new motion . . . simply because an amended pleading was introduced while their motion was pending.' Instead, as long as the issues raised in the motion apply equally to the original and amended complaints, 'the court may simply consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.'") (internal citations omitted).

Both the pending motion to dismiss and TRO motion are based on the original complaint, which is now superseded by the FAC. Defendant's motion to dismiss raises three grounds for dismissal, including lack of personal jurisdiction and lack of subject matter jurisdiction. ECF No. 11. Defendant's opposition to the TRO raises these same issues as reasons why Plaintiff cannot show likelihood of success on the merits. ECF No. 14 at 16-27. Given the interrelated nature of these two motions, the Court is inclined to address them together.

Thus, the Court now orders the parties to meet and confer regarding whether the changes in the amended complaint should moot both the motion to dismiss and TRO motion and the parties should refile both motions based on the now operative complaint,

the FAC, or if the changes in the FAC do not affect the issues raised in the motions and the Court may rule on the motions as they stand and as applied to the FAC. By **January 10, 2025**, the parties are to file a joint status report with the Court regarding their position on this matter. The Court stays any deadlines related to the pending motions or responding to the FAC pending further court order. The motion hearing set for January 15, 2025 on the pending motion to dismiss is also **VACATED**.

**IT IS SO ORDERED.**

Dated: January 3, 2025

Honorable James E. Simmons Jr.
United States District Judge