UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CLINE,<br><br>                                    Plaintiff,<br><br>v.<br><br>DAN-BUNKERING (AMERICA), INC.,<br><br>                                  Defendant. | Case No.: 24-cv-2081-JES-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**[ECF No. 11]** |

Before the Court is Defendant Dan-Bunkering (America), Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 11. Plaintiff filed an opposition, and Defendant filed a reply. ECF Nos. 20, 25. On February 12, 2025, the Court held a hearing on the matter and took it under submission. ECF No. 28. After due consideration and for the reasons discussed below, the motion is **GRANTED** and the case is **DISMISSED** for lack of personal jurisdiction.

### I.    BACKGROUND

Plaintiff William Cline instituted this lawsuit against Defendant Dan-Bunkering, seeking a declaration from the Court regarding the enforceability of a non-compete clause in his employment agreement with Defendant. ECF No. 19. Dan-Bunkering is a company in the fuel supply industry, specifically bunker trading. *Id.* ¶ 16. Plaintiff alleges that he worked for Dan-Bunkering from around 2014 to August 2024 in Texas. *Id.* ¶¶ 2, 17. He

alleges that he has built his career in the industry, having worked in it for over 10 years. *Id.* ¶¶ 24-25. After separation from Defendant, Plaintiff alleges that he moved to California in order to pursue new employment in the same fuel supply industry. *Id.* ¶ 2.

During his employment with Defendant, Plaintiff alleges that he had to sign an employee agreement that imposed a post-employment covenant that prevented him from "being employed in the fuel supply industry, in which he has worked for years, from engaging in work connected to the fuel supply industry, and from interacting with his former customers." *Id.* ¶ 20. Plaintiff alleges that these restrictions applied for eighteen month "anywhere in the United States of America as well as any country or region in which Dan-Bunkering has, directly or indirectly, done business of any type." *Id.* ¶¶ 21-22. Plaintiff alleges that Dan-Bunkering does business in California and that he is afraid he faces this restrictive covenant being used to prevent him from seeking employment in California. *Id.* ¶¶ 28-99.

In addition, Plaintiff alleges that Dan-Bunkering, through an employee Mikkel Soholm Vestergaard, has been publishing false and defamatory statements about him, including "statements to other people in the bunker trade industry that Mr. Cline committed illegal acts, including economic or industrial espionage, and violated his employment agreement." *Id.* ¶ 31.

Based on the above allegations, Plaintiff asserts the following causes of action: (1) Declaratory Judgment to have his restrictive covenants declared void; (2) violation of California Business & Professions Code §§ 16000 et seq.; and (3) defamation per se. *Id.* ¶¶ 39-70.

After Plaintiff filed the initial complaint in the case, he filed a Motion for Temporary Restraining Order ("TRO"). ECF No. 3. While that was pending, Defendant filed the currently pending Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 11. Before briefing completed on the motions, Plaintiff filed an Amended Complaint ("FAC"), which

24-cv-2081-JES-JLB

is the operative complaint in the matter.[1] ECF No. 19. The Court held a hearing on both motions, and denied the Motion for TRO at the hearing. ECF No. 28. This order will now address the Motion to Dismiss for Lack of Personal Jurisdiction.

## II. LEGAL STANDARDS

Defendant brings this motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). Once the defendant moves to dismiss for lack of personal jurisdiction, the plaintiff then bears the burden to establish that the Court has personal jurisdiction over the defendant. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

Where the defendant's motion is based on written materials such as affidavits rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Id.* The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (*quoting Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). Allegations in the complaint may be contradicted by affidavit, but factual disputes must be resolved in the plaintiff's favor. *Marvix Photo*, 647 F.3d at 1223.

Where, as here, federal court jurisdiction is based on 28 U.S.C. § 1332(d) and only state law causes of action are asserted, the district court applies the law of the state in which it sits—here, California—to establish personal jurisdiction. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). California's long-arm statute permits a court to exercise personal jurisdiction over a defendant to the extent permitted by the Due Process Clause of the Constitution. Cal. Code Civ. P. § 410.10; *Gordy v. Daily News, L.P.*,

---

[1] When the FAC was filed, the Court issued an order, directing that the parties file a status report on the effect of the FAC on the pending motion to dismiss. ECF No. 21 (citing *Zimmerman v. PeaceHealth*, 701 F. Supp. 3d 1099, 1108 (W.D. Wash. 2023) for proposition that the filing of an amended complaint generally moots a pending motion to dismiss unless the amended complaint is substantially identical to the original complaint). The parties filed a status report (ECF No. 22), and the Court ruled that neither party identified new allegations in the FAC that warranted refiling of the motion to dismiss. ECF No. 23. Thus, the Court considers the motion to dismiss as filed on the FAC.

95 F.3d 829, 831 (9th Cir. 1996). Therefore, to establish personal jurisdiction, Plaintiff must satisfy the due process Constitutional requirements.

For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts can either be established through general or specific jurisdiction.

General jurisdiction exists when a defendant has "continuous and systematic" contacts with the forum state. *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). If found to be continuous and systematic, the defendant would be "essentially at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A v. Brown*, 564 U.S. 915, 919 (2011). Individuals are "at home" in their state of domicile. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1019 (2021).

For specific jurisdiction, the Ninth Circuit applies a three-part test to establish jurisdictional power over a non-resident defendant: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. The plaintiff must show that the first two prongs have been satisfied. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If established, the burden switches to the defendant to show it would be unreasonable for the Court to have jurisdictional power. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

/ / /

/ / /

## III. DISCUSSION

As an initial matter, Defendant Dan-Bunkering argues that it is not subject to general jurisdiction in California because it is both incorporated and has its headquarters in Texas. ECF No. 11 at 14-15. Plaintiff does not appear to dispute this or assert a personal jurisdiction theory based on general jurisdiction. *See* generally ECF No. 20. Therefore, the Court finds that it cannot assert jurisdiction over Defendant based on general jurisdiction.

Next, the Court turns to specific jurisdiction. The first prong of the three-pronged test asks whether Defendant has purposefully availed itself to the forum. *Schwarzenegger*, 374 F.3d at 802. Defendant argues that it has not. Defendant states that it does not have any offices, facilities, or employees located in California, and does not own, lease, or control any real property in California. ECF No. 11 at 17. Defendant also states that it does not actively advertise or solicit business in California or target any marketing campaigns to California. *Id.* Defendant does admit that it generates about 5% of its revenue in California, but that these arise from customers who wish to receive bunker in California territorial waters at a California port. *Id.* at 18. For these customers, Defendant argues that it still does not send employees or agents to California to complete any of these transactions, but the employees are located in Texas and New York and remotely facilitate the logistics from those locations. *Id.* Thus, Defendant argues that these transactions are "minimal" and initiated by the customers themselves. *Id.*

Plaintiff disagrees. First, Plaintiff does not dispute the 5% revenue number but disputes that Defendant is much more involved in delivery of services to California ports that it represented. ECF No. 20 at 6, 13. Plaintiff argues that Defendant does send employees to California, and that Plaintiff himself even traveled there, though Plaintiff does not elaborate on what he did on these trips. *Id.* at 6. Second, Plaintiff argues that Defendant does solicit business in California. Plaintiff points to Defendant's website listing five ports in California that it services. *Id.* at 7. Finally, during the motion hearing, Plaintiff presented evidence to the Court that Defendant had renewed its registration to do business in California on January 27, 2025.

The parties present some conflicting evidence as to Defendant's contacts with California, but the Court finds that the dispositive issue lies with the second prong of the test—the claim must be one which arises out of or relates to the defendant's forum-related activities in order to establish specific jurisdiction. *Schwarzenegger*, 374 F.3d at 802. Even assuming Plaintiff's view of the extent of Defendant's contacts with California, which are more significant that Defendant portrays them to be, the Court finds that Plaintiff does not establish that the claims "arise out of" or "relate" to these contacts.

"In determining whether [a plaintiff's] claims arise out of [a defendant's] forum-related conduct, 'the Ninth Circuit follows the 'but for' test.'" *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (quoting *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001)). "[I]f the plaintiff would not have suffered loss 'but for' the defendant's activities, [the 'arising out of'] element is satisfied." *Bartel v. Tokyo Elec. Power Co., Inc.*, 371 F. Supp. 3d 769, 787 (S.D. Cal. 2019). As to whether a claim "relates to" the contacts, Plaintiff correctly contends that the test does not require the direct causal connection required to establish "arising out of" jurisdiction. ECF No. 20 at 18. The Supreme Court stated the following regarding the "arise out of or relate to" requirement:

> The first half of that standard asks about causation; but the back half, after the "or," contemplates that some relationships will support jurisdiction without a causal showing. That does not mean anything goes. In the sphere of specific jurisdiction, the phrase "relate to" incorporates real limits, as it must to adequately protect defendants foreign to a forum.

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021). In that case, the court found that Ford's contacts sufficiently related to its contacts in the forum state even though the exact cars involved in the lawsuit were not sold directly by Ford into the forum state because Ford did sell the same make and models into the state and had other contacts including extensive advertising and dealerships in the state. *Id.* at 363-67. The Ninth Circuit, interpreting *Ford*, found it important that Ford sold and advertised the same models in the state, so that Ford should have foreseen the risk that its contacts with the state could have caused similar injuries—making the direct "but for" causation not as necessary.

*Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 505-06 (9th Cir. 2023). The Ninth Circuit did emphasize, however, that *Ford* does not mean that "anything goes" as to relatedness. "To the contrary, to give 'relate to' too broad a scope would risk 'collaps[ing] the core distinction between general and specific personal jurisdiction.'" *Id.* at 506. In *Yamashita*, the plaintiff was a Hawaiian resident who was injured by the defendant's electronic cigarettes, and the defendant's contacts with Hawaii consisted of shipping products to and through Hawaiian ports. *Id.* The court rejected the plaintiff's argument that the electronic cigarette that injured him may have gone through that port because it differentiated that Ford sold relevant models into the forum state. *Id.*

Viewed in this context, Defendant's contacts with California fall short of both "arise out of" or "relates to." Plaintiff's claims fall in two categories. First, his declaratory judgment claim and claim under California Business & Professions Code § 16600 both deal with the enforceability of the post-employment restrictive covenant in his employment contract with Defendant. ECF No. 19 ¶¶ 33-57. These claims are untethered to Defendant's contacts in California. This does not meet the "but for" because the employment contract injuries would have happened with or without these contacts. Similarly, it fails the "relates to" test for the same reason—there is no relation between the customer contacts in California and Defendant's employment contract. Second, Plaintiff alleges defamation per se for alleged statements made by Defendant regarding illegal activities that Plaintiff committed in violation of his employment contract. ECF No. 19 ¶¶ 58-70. Again, these statements do not arise from Defendant's contacts with California through its sale contracts with customers in California or delivering to California ports in a way that meets "arise under" or "relates to."

Because the Court finds that Plaintiff has failed to show that his claims "arise out of" or "relates to" Defendant's contacts with California, the Court concludes that it does not have specific personal jurisdiction over Defendant.[2]

## IV. CONCLUSION

After due consideration and for the reasons discussed above, the Court **GRANTS** the motion to dismiss for lack of personal jurisdiction. Defendant further argues that jurisdictional discovery is not necessary. ECF No. 11 at 23-24. Plaintiff does not request jurisdictional discovery (*see generally* ECF No. 20), and regardless, the Court finds that it is not necessary in this case because Plaintiff is unlikely to discover further facts related to Defendant's contacts with California that will change the calculus as to whether Plaintiff's claims "arise out of" or "relates to" such contacts. Accordingly, the Court **DISMISSES** the First Amended Complaint without leave to amend for lack of personal jurisdiction. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated: April 23, 2025

Honorable James E. Simmons Jr.
United States District Judge

---

[2] Plaintiff makes one additional argument regarding jurisdiction—that the choice of law provision effects the personal jurisdiction analysis and that the choice of law provision is California. ECF No. 20 at 11-12. Even assuming that choice of law would point to California, which the Court does not find persuasive, this would not change the analysis above that Defendant's contacts with California fails to meet specific jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985) (holding that a choice-of-law provision should not be ignored but "such a provision standing alone would be insufficient to confer jurisdiction").